UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENJAMIN NELSON,

    Plaintiff,

v.                               Case No: 2:16-cv-703-FtM-99MRM

SYNCHRONY BANK,

    Defendant.

### OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals and Incorporated Memorandum of Law in Support (Doc. #19) filed on January 11, 2017. Plaintiff has failed to file a response and the time to do so has expired. For the reasons set forth below, the Motion is denied.

**I.**

On September 16, 2016, plaintiff Benjamin Nelson (plaintiff) filed a two-count Complaint (Doc. #1) against defendant Synchrony Bank alleging claims and seeking damages under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 et seq. The Complaint alleges that from November 2015 through February 2016, Synchrony Bank called plaintiff's cellphone an average of three times a day in an effort to collect an alleged

consumer debt. (Doc. #1, ¶¶ 19-20.) Defendant used an automatic telephone dialing system (ATDS) or an artificial or prerecorded voice to make some or all of the calls. (Id. ¶ 21.) In November 2015, plaintiff received one of these calls from defendant, held on the line to speak with a live/agent or representative, and informed them that the calls were harassing, to immediately cease the phone calls, and that he was revoking any "previously perceived express consent" to receive calls from the auto-dialer. (Id. ¶¶ 25-26.) Each phone call received after this conversation was placed without plaintiff's express consent. (Id. ¶¶ 27-28.) This conduct, plaintiff asserts, violates the TCPA's prohibition on placing non-emergency telephone calls using an ATDS or a prerecorded or artificial voice without having the express consent of the party called, and constitutes harassing behavior in violation of Section 559.72(7) of the FCCPA. (Id. ¶¶ 52, 55.)

On January 11, 2017, Synchrony filed a Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals. (Doc. #19.) Defendant asserts that a stay is warranted pending a consolidated appeal from a final order of the Federal Communications Commission (FCC) that may resolve essential elements of plaintiff's TCPA claim in defendant's favor. (Id.) Plaintiff has not filed a Response.

**II.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Determining whether a stay is justified requires an "exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254–55.

Defendant requests this Court to stay these proceedings pending the outcome of a consolidated appeal of an FCC final order regarding the definition of an automatic telephone dialing system under the TCPA, as the existence or non-existence of an ATDS may dispositively affect the outcome of plaintiff's claim under the TCPA. (Doc. #19.)

**A. Consolidated Appeal of the FCC's Order**

In July 2015, the FCC issued a Declaratory Ruling and Order addressing "whether dialing equipment is an autodialer under the TCPA when it does not have the 'current capacity' or 'present ability' to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made." In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 (2015 FCC Ruling), 30 FCC Rcd. 7961, 7972. Following the

2015 FCC Ruling, Hobbs Act[1] petitions challenging the 2015 FCC Ruling were filed in the D.C. Circuit and Seventh Circuit, which were consolidated and assigned to the D.C. Circuit Court of Appeals. (Docs. ##19-1, 19-2.) Oral argument was held on October 19, 2016.

**B. Stay of this Matter is Not Warranted**

Defendant's Motion for Stay cites numerous opinions by other federal courts that have allowed a stay pending the appeal of the 2015 FCC Ruling, and some that have denied a stay. (Doc. #19, pp. 5-10.) This Court, however, addressed this issue on virtually the same basis in Sliwa v. Bright House Networks, LLC, No. 2:16-cv-235-FtM-29MRM, 2016 WL 3901378, at *1 (M.D. Fla. July 19, 2016). For the same reasons articulated previously in Sliwa, which will be briefly discussed, the Court denies defendant's Motion to Stay. (Doc. #19.)

In Sliwa, the defendant requested a stay of the proceedings pending the appeal of the 2015 FCC Ruling. Id. at *1. The Court first noted the high standard the D.C. Circuit will apply when examining the 2015 FCC Ruling and found that, based on this demanding standard, it was "more likely than not that the D.C.

---

[1] "The Hobbs Act provides the federal courts of appeals with 'exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of FCC orders." Murphy v. DCI Biologicals Orlando, LLC, 797 F.3d 1302, 1306-07 (11th Cir. 2015) (quoting 28 U.S.C. § 2342(1)).

Circuit will uphold the [2015 FCC Ruling]." Id. at *3.  Next, the Court discussed that even if the D.C. Circuit ultimately vacates the 2015 FCC Ruling, this Court is bound by the 2015 FCC Ruling until such time that it is vacated.  Id.  Therefore, refusing to follow it at this time would amount to a constructive refusal to enforce an FCC interpretation.  Id.  Lastly, this Court noted that should the D.C. Circuit's opinion be favorable to the moving party, the TCPA claim will not be immediately disposed of because discovery will need to be had regarding the technology used and the consent of the individual.  Accordingly, for the reasons previously articulated by this Court in Sliwa v. Bright House Networks, LLC, the Court denies defendant's Motion to Stay. (Doc #19.)

    Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

    Defendant's Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals (Doc. #19) is **DENIED.**

    **DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of February, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record