UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENJAMIN NELSON,

   Plaintiff,

v.                                           CASE NO.:  2:16-cv-00703-UA-MRM

SYNCHRONY BANK,

   Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND FOR DISMISSAL OR IN THE ALTERNATIVE STAY**

Plaintiff, BENJAMIN NELSON ("Plaintiff"), by and through the undersigned counsel, hereby files this Response in Opposition to Defendant, SYNCHRONY BANK ("Defendant")'s Motion to Compel Arbitration and for Dismissal or in the Alternative Stay.  In support of this opposition, Plaintiff respectfully states as follows:

**I. INTRODUCTION**

This action involves Plaintiff's claims against Defendant for violating the Telephone Consumer Protection Act, 47 U.S.C § 227, et seq. ("TCPA"), which prohibits the making of automated calls to cell phones unless the recipient provides prior express consent to receive such calls, and a claim for violations of the Florida Consumer Collection Practices Act, Fla. Stat § 559.55, et seq. ("FCCPA") for harassment in the collection of a consumer debt. Over a year after the lawsuit was initiated—and after substantial litigation including participating in a case management conference, arguing various motions and propounding written discovery—Defendant

has moved this Court to compel binding arbitration based upon a provision contained in Plaintiff's credit agreements with JC Penney, Walmart and American Eagle Outfitters. [D.E. 22]. Defendant, however, has waived the contractual right to arbitrate by not only its significant delay in raising such position but also through its intense engagement in and reliance on the litigation process.

## II. FACTUAL BACKGROUND

This case arises from Defendant's abusive use of automatic dialing equipment in its attempt to collect a debt allegedly owed by Plaintiff under the credit agreements between Plaintiff and JC Penney, Walmart and American Eagle Outfitters (collectively, "the agreements"). Defendant's conduct prompted Plaintiff to file the Complaint [D.E.1] asserting violations of the TCPA and FCCPA. Defendant responded to the Complaint by denying virtually all of Plaintiff's legal and factual contentions, and asserted twelve separate affirmative defenses [D.E.8].

Several months later, Defendant participated in a Case Management Conference. There was no indication that Defendant intended to file or was otherwise contemplating a motion to compel arbitration. [D.E.16] After the Case Management Conference, a Case Management Report was filed on December 5, 2016. [D.E. 16]

A month later, Defendant filed a Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals. [D.E. 19] This Court subsequently denied the Motion. [D.E. 20] Following its denial, on March 8, 2017, the Court issued a Case Management and Scheduling Order. [D.E. 21]

Pursuant to the Case Management and Scheduling Order the parties were given

seven months to complete discovery. *Id.* Contemporaneous to the filing of the motion to compel arbitration, Defendant propounded written interrogatories, requests for admission, and requests for production on Plaintiff and subsequently noticed the deposition of Plaintiff. Plaintiff similarly propounded written interrogatories, requests for admission, and requests for production on Defendant. Further the deadline for the parties to exchange discovery is next week.

Dissatisfied with this Court's ruling on its Motion to Stay, and unwilling to produce comprehensive discovery responses, Defendant now shift gears, seeking to compel arbitration. [D.E. 22] Up to this point, Defendant has acted wholly inconsistently with its stated intention to arbitrate the claims at issue here and required an otherwise unnecessary expenditure of resources by the parties. It has engaged in motion practice, litigation and discovery. As such, and given the prejudice sustained by Plaintiff, Defendant has waived its contractual right to arbitrate.

### III. ARGURMENT

Defendant has waived its right to enforce the arbitration provision. Although arbitration provisions governed by the FAA are to generally liberally enforced, "courts will **not** compel arbitration when the party who seeks to arbitrate has waived its right to do so[.]" *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 (11th Cir. 2011) (emphasis supplied); *see also Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1365 (11th Cir. 1995) ("Arbitration should not be compelled when the party who seeks to compel arbitration has waived that right."). This is because a party should not be permitted to seek arbitration on the one hand, and hedge its bet by

engaging in protracted litigation on the other. As one Florida court succinctly stated in holding that the service of merits discovery constituted a waiver: "[t]he courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration." *Green Tree Servicing*, *LLC v. McLeod*, 15 So. 3d 682, 688 (Fla. 2d DCA 2009) (internal citation omitted).

Like any other right based in contract, the right to arbitrate may be waived. *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002), quoting *Burton-Dixie Corp. v. Timothy McCarthy Const. Co.*, 436 F.2d 405, 407 (5th Cir. 1971). "To determine whether a party has waived its contractual right to arbitrate, courts apply a two-part test: 'First, [they] decide if, 'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right,' and, second, [they] look to see whether, by doing so, that party 'has in some way prejudiced the other party.'" *Krinsk*, 654 F.3d at 1200 (citation omitted). Defendant's conduct in this case meets both requirements.

First, Defendant has taken part in multiple activities inconsistent with arbitration. This court has ruled that a defendant acts inconsistently with arbitration where it participates in litigation. *See Snelling & Snelling, Inc. v. Reynolds*, 140 F. Supp. 2d 1314, 1322 (M.D. Fla. 2001). For instance, in *Snelling & Snelling* the party seeking arbitration, answered the complaint, participated in the case management conference, and propounded discovery. *Id.* Based on these facts, the court expressly held that the right to arbitration had been waived. *Id.*

The Southern District of Florida ruled similarly in *Mims v. Global Credit & Collection Corp.*, 803 F. Supp. 2d 1349, 1353-54 (S.D. Fla. 2011). There, the party seeking arbitration "waited over eight months after being served with the Complaint to file its Motion to Compel Arbitration." *Id.* at 1354. The party participated in the litigation of the dispute in federal court, including by attending hearings and participating in a mediation conference, without attempting to invoke a right to arbitration. *Id.* The court determined that the right to arbitration was waived. *Id.*

Here, Defendant answered Plaintiff's Complaint by denying virtually all of Plaintiff's legal and factual contentions, and asserted twelve separate affirmative defenses. Further, it has willing engaged in the litigation process moving for a stay of the case pending the ruling of an appellate decision and engaging in merits based discovery. Thus, there should be no question that Defendant's request for arbitration is at the very least, disingenuous and does not stem from a genuine desire to conserve the resources of the parties or this Court, and at worst, is simply another attempt to delay these proceedings.

It took approximately a year from the filing of the Complaint for Defendant to request arbitration. During this time Defendant participated in a Case Management Conference at which there was absolutely no indication that Defendant intended to file or was otherwise contemplating a motion to compel arbitration. Defendant also filed a Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals and propounded extensive discovery. As the defendants in both *Snelling* and *Mims,* Defendant has acted inconsistently with any arbitration right based

on the length of delay before demanding arbitration and its substantial participation in the litigation.

Second, Plaintiff has been prejudiced as a result. "[T]o determine whether the other party has been prejudiced, the court may consider the length of delay in demanding arbitration and the expense incurred by the opposing party" *See Snelling & Snelling*, 140 F. Supp. 2d at 1322. *See also S&H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (prejudice where the party seeking arbitration waited eight months from the time complaint was filed to demand arbitration and availed itself of litigation process); *Lawrence v. Royal Caribbean Cruises, Inc.*, 2009 WL 4546633, at *3 (S.D. Fla. Nov. 30, 2009) (seven months of litigation held to be prejudicial) Prejudice is generally found "in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995). Sufficient prejudice may also be inferred from the use and extent of pre-trial discovery procedures before demanding arbitration. *Stone v. E.F. Hutton & Co., Inc*., 898 F.2d 1542, 1543 (11th Cir. 1990).

In this case, Plaintiff has been burdened by significant expenditures of time and cost through engaging in the case management conference, preparing and serving discovery, reviewing and preparing responses to Defendant's discovery, and attempting to coordinate depositions, as well as undertake the various litigation activities associated with the case. Further, as a consequence of Defendant's failure to move for arbitration

for some twelve months, Plaintiff's ability to obtain relief on its claims has been significantly delayed. Requiring the parties to proceed in arbitration now will only serve to further unfairly prejudice Plaintiff. For these reasons, Defendant has waived any right to compel arbitration.

### IV. CONCLUSION

For all of the reasons discussed, the Court should deny Defendant's Motion to Compel Arbitration.

Respectfully submitted on October 9, 2017.

          /s/ *Jared M. Lee*
          Jared M. Lee, Esquire
          Florida Bar No.: 0052284
          Morgan & Morgan, Tampa, P.A.
          20 N. Orange Ave., Ste. 1600
          Orlando, FL 32801
          Tele: (407) 420-1414
          Fax: (407) 245-3485
          Email: JLee@ ForThePeople.com
          MHoilett@ForThePeople.com
          *Counsel for Plaintiff(s)/Claimant(s)*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 9, 2017, I filed the foregoing to with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

James R. Liebler
Florida Bar No.: 115348
44 West Flagler Street,
Courthouse Tower 25th Floor
Miami, FL 33130
Direct Telephone: (305) 379-0400
Fax: (305) 379-9626
Email: JRLII@lgplaw.com
*Counsel for Defendant Synchrony Bank*